UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Respondent/Plaintiff, |
| v. | Criminal Action No. 3:17-cr-141-DJH-HBB<br>Civil Action No. 3:19-cv-905-DJH |
| DONALD LYNN MARTIN, | Movant/Defendant. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Donald Lynn Martin, proceeding pro se, moved to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 133; D.N. 135-1; *see* D.N. 137) The Court referred the motion to Magistrate Judge H. Brent Brennenstuhl for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.N. 134) Judge Brennenstuhl issued his Findings of Fact, Conclusions of Law, and Recommendation on May 5, 2021, recommending that Martin's motion be denied. (D.N. 202) Following an extension of the objection deadline, Martin timely objected to the report and recommendation. (D.N. 206; *see* D.N. 207) Martin also moved to preserve all evidence related to his case. (D.N. 210) Judge Brennenstuhl denied the motion to preserve (D.N. 214), and Martin timely objected. (D.N. 220) For the reasons explained below, the Court will overrule Martin's objections, adopt Judge Brennenstuhl's report and recommendation, and deny Martin's § 2255 motion.

**I.**

A jury convicted Martin of attempting to persuade a minor to engage in sexual activity and of traveling in interstate commerce to engage in illicit sexual conduct with a minor. (D.N. 83; *see* D.N. 1; D.N. 98, PageID # 780) The Court sentenced Martin to 120 months in custody as to each

1

count, to run concurrently. (D.N. 113, PageID # 829) The United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence on direct appeal. (D.N. 125)

Martin moved to vacate his sentence pursuant to § 2255, asserting that (1) the Court erroneously stated that the defendant bears the burden of proof and improperly responded to a jury question during deliberations; (2) his right to a speedy trial was violated; (3) the prosecution engaged in misconduct; (4) the prosecution failed to prove his predisposition to commit the underlying offenses; (5) no reasonable jury could have found him guilty of enticement of a minor to engage in sexual activity; (6) the jury instruction relating to witness testimony was improper; and (7) the Court's imposition of a special assessment as to each count of conviction was improper. (D.N. 133-1; D.N. 135-1) The magistrate judge recommended denying Martin's motion on all grounds. (D.N. 202) Martin also moved the Court to preserve all evidence related to his criminal case, which the magistrate judge denied.[1] (D.N. 210; D.N. 214) Martin objects to the report and recommendation and denial of his motion to preserve. (D.N. 206; D.N. 220)

**II.**

**A.      28 U.S.C. § 2255 Motion**

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court

---

[1] Martin newly moves for discovery related to his § 2255 motion. (D.N. 235) Because the Court will overrule his objections to the report and recommendation and deny his § 2255 motion, it will also deny his motion for discovery as moot.

will review de novo the portions of Judge Brennenstuhl's recommendation to which Martin objects.[2]

### 1. Grounds Raised on Direct Appeal

On direct appeal to the Sixth Circuit, Martin argued that (1) no reasonable jury could have rejected his entrapment defense; (2) the district court improperly responded to a jury question during deliberations; and (3) his right to a speedy trial was violated. (*See* D.N. 107; D.N. 125, PageID # 1250) The Sixth Circuit rejected these arguments and upheld Martin's conviction. (D.N. 125) In his § 2255 motion, Martin challenges his conviction on the same grounds. (*See* D.N. 133-1) In Ground 1, Martin asserts that the Court improperly responded to a jury question during deliberations and that the Sixth Circuit erroneously held that Martin waived any right to object to the Court's response to the jury question. (*Id.*, PageID # 1383–86) Martin argues in Ground 2 that his right to a speedy trial was violated. (*Id.*, PageID # 1387–90) In Ground 4, Martin contends that the United States failed to prove that he was predisposed to commit the underlying offenses. (*Id.*, PageID # 1404–11) The magistrate judge recommended denying Martin's motion on all three grounds because he found that they were raised and rejected on direct appeal. (D.N. 202, PageID # 1920–26) Martin objects to the magistrate judge's recommendation, maintaining that both the magistrate judge and the Sixth Circuit erred in rejecting his arguments. (D.N. 206, PageID # 1942–56)

"Absent exceptional circumstances, or an intervening change in the case law," a § 2255 motion may not be used to relitigate issues raised on direct appeal. *Powell v. United States*, No.

---

[2] Martin also moves to withdraw his objection to the Court's Order denying his motion for reconsideration. (D.N. 213; *see* D.N. 208; D.N. 209) This motion will be granted. His motion for a status report on his objection to the Court's Order denying his motion for reconsideration will therefore be denied as moot. (D.N. 211; *see* D.N. 209; D.N. 213)

20-1894, 2021 WL 4241273, at *4 (6th Cir. Apr. 5, 2021) (quoting *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999)) (internal quotation marks omitted). Martin does not attempt to make this showing. (*See* D.N. 133-1; D.N. 206) Instead, as to Ground 1, Martin contends that the Court committed plain error in its response to a jury question during deliberations. (D.N. 133-1, PageID # 1383–86; D.N. 206, PageID # 1946–47) But as the Sixth Circuit pointed out, Martin "fully acquiesced to the instruction—indeed, played an integral part in crafting it—and thus waived his right to object to the instruction." (D.N. 125, PageID # 1257) Similarly, Martin contends in Ground 2 that his right to a speedy trial was violated (D.N. 133-1, PageID # 1387–90), which the Sixth Circuit rejected on direct appeal, determining that the Court properly considered the Speedy Trial Act factors in granting a continuance. (D.N. 125, PageID # 1257–59) In Ground 4, Martin maintains that the Government failed to prove that he was predisposed to commit the underlying offenses (D.N. 133-1, PageID # 1404–11), an argument also considered and rejected by the Sixth Circuit on direct appeal. (D.N. 125, PageID # 1254–55) Martin merely reasserts these arguments in his § 2255 motion, failing to show any exceptional circumstances or intervening change in case law that would permit him to relitigate the issues. *See Powell*, 2021 WL 4241273, at *4. Accordingly, the Court will overrule Martin's objections and deny his motion as to the grounds raised on direct appeal.

    **2.    Grounds Not Raised on Direct Appeal**

Martin asserts several claims that were not raised on direct appeal. (*See* D.N. 125; D.N. 133-1) Martin contends in Ground 1 that the Court improperly instructed the jury that the defendant bears the burden of proof. (D.N. 133-1, PageID # 1383–86) In Ground 5, Martin maintains that no reasonable jury could have found him guilty of enticement of a minor to engage in sexual activity. (*Id.*, PageID # 1412–17) Martin asserts in Ground 7 that the Court improperly

imposed a special assessment of $5,000 as to each count of conviction. (D.N. 135-1, PageID # 1425) The magistrate judge recommended denying Martin's motion on these Grounds, finding that the claims could have been raised on direct appeal and thus were procedurally barred. (D.N. 202, PageID # 1926–28) Martin objects to this recommendation. (D.N. 206, PageID # 1950–61)

"A petitioner must raise his claims on direct appeal, '[o]therwise, the claim is procedurally defaulted' for purposes of § 2255 review." *Sullivan v. United States*, 587 F. App'x 935, 942 (6th Cir. 2014) (alteration in original) (quoting *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001)). A petitioner, however, may overcome procedural default by demonstrating "either cause and actual prejudice, or that he is actually innocent." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal quotation marks omitted).

Martin argues that he can establish "cause" due to his inability to access trial transcripts and research materials prior to his arrival at his current facility, FCI Ashland. (D.N. 206, PageID # 1941–42) But Martin was represented by counsel on direct appeal, and he does not explain how this alleged lack of access caused his appellate counsel's failure to raise these arguments. *See Sullivan*, 587 F. App'x at 942 (noting that ineffective assistance of appellate counsel may qualify as cause to excuse procedural default but "[c]ounsel's performance is strongly presumed to be effective" (alteration in original) (quoting *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004) (internal quotation marks omitted)); *United States v. Murray*, No. 1:15-CR-026, 2018 WL 508352, at *5 (S.D. Ohio Jan. 23, 2018) (finding that movant, who had appointed counsel on direct appeal, could not establish cause when he asserted that he "had to spend hundreds of hours in the prison law library" to research his claims). Martin therefore cannot establish cause for his procedural default. *See Poulsen v. United States*, 717 F. App'x 509, 517 (6th Cir. 2017) (noting that a § 2255 movant "must ordinarily 'show that some objective factor external to the defense'" excused

procedural default (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))). Yet even if Martin could show cause, he cannot demonstrate "actual prejudice" as to Ground 1, 5, or 7. *See Sullivan*, 587 F. App'x at 942.

      a.      **Ground 1**

In Ground 1, Martin argues that the Court erroneously read the jury instructions, stating that the defendant bears the burden of proof. (D.N. 206, PageID # 1943–44) At the beginning of the trial, the Court addressed the Government's burden of proof, instructing the jury that "the Government must prove the defendant's guilt beyond a reasonable doubt." (D.N. 117, PageID # 1034–35) Instructing the jury before deliberations, the Court again stated, "For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge." (D.N. 119, PageID # 1139) When discussing Count 1, the Court said, "For you to find the defendant guilty of this crime, you must find that the defendant has proved each and every one of the following elements beyond a reasonable doubt." (*Id.*) As to Count 2, the Court stated, "For you to find the defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt." (*Id.*, PageID # 1141) The Court further informed the jury that "[a] defendant has an absolute right not to testify" and "[t]he fact he did not testify cannot be considered in any way." (*Id.*, PageID # 1145) The Court continued, "Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt." (*Id.*) Martin asserts that the Court's misstatement when instructing the jury on Count 1 "caused the jury to become confused and arrive at an incorrect verdict." (D.N. 206, PageID # 1944)

"To warrant habeas relief because of incorrect jury instructions, Petitioner must show that the instructions, as a whole, were so infirm that they rendered the entire trial fundamentally unfair."

6

*Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). The Court is certain that this inadvertent misstatement caused no confusion with the jury. *See id.* ("If th[e] Court is sure that the error had no or very slight effect or influence on the jury's decision, the verdict and judgment must stand." (citing *O'Neal v. McAninch*, 513 U.S. 432, 436–38 (1995))). As discussed, the Court on numerous occasions instructed the jury regarding the Government's burden. (*See* D.N. 117, PageID # 1034–35; D.N. 119, PageID # 1139, 1141, 1145) Indeed, any confusion would have been remedied when the Court subsequently instructed, "If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge." (D.N. 119, PageID # 1140) Moreover, the Court provided a copy of the written instructions to the jury during deliberations, and the jury did not send a note to the Court expressing any confusion as to the Government's burden. (*Id.*, PageID # 1131; *see* D.N. 82) Martin's assertion that the Court's sole misstatement demonstrates actual prejudice is therefore insufficient. *See United States v. Nelson*, 27 F.3d 199, 202 (6th Cir. 1994) ("In determining the adequacy of a jury instruction, 'the instruction must be viewed in its entirety, and a misstatement in one part of the charge does not require reversal if elsewhere in the instruction the correct information is conveyed to the jury in a clear and concise manner[.]'" (quoting *United States v. Pope*, 561 F.2d 663, 670 (6th Cir. 1977))). Here, the Court repeatedly instructed the jury in a "clear and concise manner" that the burden of proof rested with the Government. *Pope*, 561 F.2d at 670.

    b.   **Ground 5**

Martin asserts in Ground 5 that that no reasonable jury could have found him guilty of enticement of a minor to engage in sexual activity, 18 U.S.C. § 2422(b). (D.N. 206, PageID # 1957; *see* D.N. 133-1, PageID # 1412–17) But the Sixth Circuit has repeatedly found that

sufficiency-of-evidence claims are not cognizable in § 2255 motions. *See United States v. Sypher*, No. 3:09CR-85-S, 2014 WL 689606, at *12 (W.D. Ky. Feb. 20, 2014) (citing *United States v. Osborne*, 415 F.2d 1021, 1024 (6th Cir. 1969)). Even construing Martin's claim as one of actual innocence, he has offered no new evidence showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Jackson v. United States*, No. 17-6518, 2018 WL 3048002, at *2 (6th Cir. Apr. 23, 2018) (quoting *House v. Bell*, 547 U.S. 518, 536–37 (2006)) (rejecting movant's actual-innocence claim when he failed to produce any new evidence) (internal quotation marks omitted).

### c. Ground 7

Martin challenges the special assessment of $5,000 imposed as to each count of conviction. (D.N. 206, PageID # 1961; *see* D.N. 113, PageID # 835) Because Martin's convictions fell under Chapter 117 of Title 18 of the United States Code, both counts were subject to the special assessment. *See* 18 U.S.C. §§ 2422(b), 2423(b), 3014(a)(4). Finding that Martin was not indigent, the Court imposed a special assessment of $5,000 as to each count of conviction, for a total of $10,000. (*See* D.N. 113, PageID # 835) Absent a claim of ineffective assistance of counsel related to the assessment, however, Martin's challenge is not cognizable on a § 2255 motion. *See Weinberger v. United States*, 268 F.3d 346, 351–52 (6th Cir. 2001); *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995).

### 3. *Strickland* Claims

Martin contends in Ground 3 that throughout the trial he was prejudiced by several instances of prosecutorial misconduct, asserting that the prosecutor "repeatedly engag[ed] in demonstrated bias by his opinion, speculation, conjecture, false and inflammatory remarks." (DN 133-1 PageID # 1391–1403) In Ground 6, Martin alleges that Jury Instruction Number 21,

pertaining to witness testimony, was improper. (*Id.*, PageID # 1418–22) The magistrate judge denied these claims as procedurally barred because they were not raised on direct appeal. (D.N. 202, PageID # 1927–28) In his objection, Martin characterizes Grounds 3 and 6 as ineffective-assistance-of-counsel claims for his trial counsel's failure to object to the prosecutor's statements and to Jury Instruction Number 21.[3] (*See* D.N. 206, PageID # 1950–52, 1958–60) Construed as ineffective-assistance claims, Grounds 3 and 6 are not procedurally barred. *See King v. United States*, 199 F. App'x 524, 526 (6th Cir. 2006) ("As a federal defendant, petitioner was not required to raise his ineffective assistance of counsel claim on direct appeal." (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003))).

Nevertheless, to succeed on these claims, Martin "must show (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)) (citations omitted). The objective standard of reasonableness is "highly deferential" and "includes the strong presumption that counsel's conduct 'falls within a wide range of reasonable professional assistance.'" *Cope v. United States*, 272 F. App'x 445, 448 (6th Cir. 2008) (quoting *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003)).

---

[3] In his objection, Martin refers once to "Jury Instruction [N]umber 22." (D.N. 206, PageID # 1958) The Court will assume this is a typo, as both Martin's motion and objection discuss the Jury Instruction relating to witness testimony, which is Jury Instruction Number 21. (*See* D.N. 82, PageID # 482; D.N. 133-1, PageID # 1418–22; D.N. 206, PageID # 1958–60) Jury Instruction Number 22 discusses jury deliberations generally. (*See* D.N. 82, PageID # 483)

9

### a. Ground 3

"A failure to object to a prosecutor's comments or to raise the issue on direct appeal does not fall below an objective standard of reasonableness unless the comments constituted prosecutorial misconduct." *Reed v. United States*, 133 F. App'x 204, 208 (6th Cir. 2005). In determining whether a prosecutor's remarks are "so exceptionally flagrant" as to constitute prosecutorial misconduct, courts consider (1) "the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused"; (2) "whether they were isolated or extensive"; (3) "whether they were deliberately or accidentally placed before the jury"; and (4) "the strength of the competent proofs introduced to establish the guilt of the accused." *United States v. Acosta*, 924 F.3d 288, 299 (6th Cir. 2019) (quoting *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001); *United States v. Carroll*, 26 F.3d 1380, 1384 (6th Cir. 1994)) (internal quotation marks omitted).

The Court cannot find that the prosecutor's statements in this case constituted prosecutorial misconduct. *See Reed*, 133 F. App'x at 208. In his closing argument, the prosecutor reviewed the evidence presented by the Government, including the items found in Martin's vehicle upon his arrest and the correspondence between Martin and the undercover officer. (*See* D.N. 119, PageID # 1147–60, 1184–88) The prosecutor also discussed how this evidence supported the elements of both charged counts. (*See id.*, PageID # 1150–60)

Martin quotes and paraphrases several comments from the prosecutor's closing argument, asserting that the prosecutor misstated the evidence. (D.N. 133-1, PageID # 1391–1403) Martin contends, for example, that the prosecutor falsely stated that Martin asked the undercover officer, who was posing as a fifteen-year-old girl, "if she ever dated older men." (D.N. 133-1, PageID # 1395; *see* D.N. 119, PageID # 1151) The evidence at trial, however, supported this statement. The

Government submitted text messages at trial, which showed that Martin asked the undercover officer, "Do you have a fetish for older men? Daddy issues or role play?" (D.N. 193-1, PageID # 1779) The officer replied that her ex-boyfriend was "older," and Martin then asked, "How old was he?" (*Id.*, PageID # 1780) When the officer failed to respond, Martin asked again, "How old was your bf? And were you having sex with him?" (*Id.*) The prosecutor's statement therefore, like the other challenged comments, was supported by evidence in the trial record. (*See* D.N. 119, PageID # 1147–60, 1184–88; D.N. 193-1; D.N. 193-2; D.N. 193-3)

Because the prosecutor's statements "were supported by the evidence presented at trial or were reasonable inferences drawn therefrom," they were not improper, and Martin cannot demonstrate prosecutorial misconduct. *United States v. McShan*, 757 F. App'x 454 (6th Cir. 2018) (citing *United States v. Crosgrove*, 637 F.3d 646, 663–64 (6th Cir. 2011) ("A prosecutor has leeway to argue reasonable inferences from the evidence.")); *cf. Acosta*, 924 F.3d at 299–308 (finding prosecutorial misconduct when the prosecutor improperly bolstered and attacked witnesses' credibility and discussed defendant's religious practices). Accordingly, Martin's trial counsel was not ineffective for failing to object to the statements, and the Court will overrule Martin's objection. *See Reed*, 133 F. App'x at 208.

### b.   Ground 6

As previously discussed, to succeed on Ground 6, Martin "must show that his counsel's failure to object to the jury instruction was constitutionally 'deficient' and that he was prejudiced as a result." *Lobbins v. United States*, 900 F.3d 799, 801 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 687). He therefore must first establish that "the instruction was in fact erroneous." *Lobbins*, 900 F.3d at 801. The Court gave the following instruction as to witness testimony:

> (1) You have heard testimony which included both facts and opinions. Each of these types of testimony should be given the proper weight. (2) As to the testimony

11

>on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses. (3) As to the testimony on opinions, you do not have to accept an opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how the witness reached his or her conclusion along with the other factors discussed in these instructions for weighing the credibility of witnesses. (4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

(D.N. 82, PageID # 486)

Martin argues that this instruction was erroneous because it "failed to specifically make a clear demarcation between [D]etective [Matt] Hedden's role as both a lay opinion and an expert witness." (D.N. 206, PageID # 1958) The Court, however, derived this instruction from the Sixth Circuit Pattern Criminal Jury Instructions, quoting Pattern Instruction Number 7.03A almost exactly.[4] *See* Sixth Circuit Pattern Criminal Jury Instruction 7.03A.0 (2017). And "instructions are not plainly erroneous where they track the circuit's pattern jury instructions[.]" *United States v. Warner*, 843 F. App'x 740, 474 (6th Cir. 2021) (citing *United States v. Katuramu*, 174 F. App'x 272, 279 (6th Cir. 2006)). The Court therefore discerns no plain error in its instructions. *See Katuramu*, 174 F. App'x at 279; *see also United States v. Blackwell*, 636 F. App'x 668, 672 (6th Cir. 2016) (finding no plain error when trial court used the Sixth Circuit Criminal Pattern Jury Instructions). Accordingly, Martin cannot show that his trial counsel was ineffective for not objecting to the instruction, and the Court will overrule Martin's objection. *See Lobbins*, 900 F.3d

---

[4] The Sixth Circuit Pattern Criminal Jury Instruction states:
>(1) You have heard the testimony of [witness], who testified to both facts and opinions. Each of these types of testimony should be given the proper weight. (2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses. (3) As to the testimony on opinions, you do not have to accept [witness]'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses. (4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves. Sixth Circuit Pattern Criminal Jury Instruction 7.03A (2017).

at 801; *United States v. Mahbub*, 818 F.3d 213, 230–31 (6th Cir. 2016) (denying *Strickland* claim when jury instructions were "consistent with Sixth Circuit case law" and therefore did not constitute "plain error").

### 4. Certificate of Appealability

The magistrate judge recommended denying a certificate of appealability for each ground in Martin's § 2255 motion. (D.N. 202, PageID # 1929) Martin asserts only that he objects to the magistrate judge's recommendation as to issuing a certificate of appealability. (D.N. 206, PageID # 1962) A general objection to a magistrate judge's report and recommendation is treated as a failure to object, *Cline v. Meyers*, 495 F. App'x 578, 580 (6th Cir. 2012) (citation omitted), and the Court need not review a magistrate judge's findings when no objection has been made. *See Thomas*, 474 U.S. at 150–52. Nevertheless, the Court has reviewed the record and agrees with the Judge Brennenstuhl's recommendation against issuing a certificate of appealability.

### B. Motion to Preserve Evidence

Martin also moved the Court to preserve all evidence related to his criminal case, regardless of its pertinence to his § 2255 motion. (D.N. 210) The magistrate judge denied the motion to preserve. (D.N. 214) Martin objects in general terms to the magistrate judge's denial. (D.N. 220) The Court cannot conclude, based on Martin's general objection, that the magistrate judge's order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). Further, a review of Martin's motion to preserve (D.N. 210) shows that he has failed to demonstrate the requisite "good cause" entitling him to discovery. *See Poulsen*, 717 F. App'x at 517–18 (affirming denial of request for discovery when habeas petitioner failed to "specifically allege what facts would enable him to demonstrate that he is entitled to relief"). The Court will therefore overrule Martin's objection.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)   The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge H. Brent Brennenstuhl (D.N. 202) are **ADOPTED** in full and **INCORPORATED** herein.

(2)   Martin's objection to the magistrate judge's recommendation (D.N. 206) is **OVERRULED**.

(3)   Martin's motion for discovery (D.N. 235) is **DENIED** as moot.

(4)   Martin's motion to withdraw his objection to the Court's Order denying his motion for reconsideration (D.N. 213) is **GRANTED**.

(5)   Martin's objection to the Court's Order denying his motion for reconsideration (D.N. 209) is **OVERRULED** as moot.

(6)   Martin's motion for a status report regarding his objection to the Court's Order denying his motion for reconsideration (D.N. 211) is **DENIED** as moot.

(7)   Martin's objection to the magistrate judge's order denying his motion to preserve (D.N. 220) is **OVERRULED**.

(8)   A separate judgment will be entered this date.

May 20, 2022

David J. Hale, Judge
United States District Court